J. M. STRAWN et al., Appellants, v. INDEPENDENT SCHOOL DISTRICT OF INDIANOLA et al., Appellees.

CONTINUANCE: Diligence—Nonchange in Result. A continuance on account of the absence of witnesses is properly denied (1) when no diligence to secure such witnesses is shown, and (2) when the result of the litigation would have been the same had the continuance been granted and the witnesses been obtained. Especially is this true when it appears that the action has been fully determined on a petition of intervention on issues identical with those presented by the movent for a continuance.

Headnote 1: 13 C. J. pp. 151, 153, 155.

*Appeal from Warren District Court.—*W. S. COOPER, Judge.

JUNE 25, 1925.

ACTION in equity, to enjoin the board of directors of an independent school district from issuing certain bonds, upon the ground that the election authorizing the issuance of said bonds was illegal. A motion for a continuance of said cause was overruled, and the plaintiffs appeal from said ruling.—*Affirmed.*

*Clark & Byers* and *A. W. & Phil R. Wilkinson,* for appellants.

*J. O. Watson* and *F. P. Henderson,* for appellees.

*Reson S. Jones,* for interveners.

FAVILLE, C. J.—On March 10, 1924, an election was held in

appellee school district for the purpose of determining whether certain bonds should be issued for the purpose of constructing and equipping a school building. A canvass of the votes at the election showed that there was a majority of 99 in favor of the issuance of said bonds.

On the 27th day of March following, appellants herein filed the petition in said cause, alleging that certain voters at said election were not residents of said independent school district, and voted illegally. The petition being filed on March 27, 1924, it was too late for the March term of the district court of Warren County; and the next succeeding term was the September term, at which term issue was joined, and the case was continued to the November term, which convened on November 5th. Trial notice was filed for said term; and, at the request of the attorneys for appellants, the cause was not assigned for trial the first week of the term, but was assigned for a later date, to wit, November 18th. On the 15th of November, appellants filed a motion for a continuance of said cause, said motion being upon the ground that appellants were unable to procure the attendance of some 36 witnesses, the testimony of whom, it was contended, was essential to establishing appellants' case.

It appears that the contention of appellants is that the persons named were students in attendance at Simpson College, located in appellee school district, and that they voted at said school election when they were not legally entitled to do so.

A resistance was filed to the motion for a continuance, and the trial court overruled the motion.

The sole question for our determination is whether the trial court abused its discretion in overruling said motion, under the facts shown. The court would have been fully warranted in denying the motion for a continuance upon the ground that there was a failure to establish diligence on the part of appellants in endeavoring to secure the attendance of said witnesses, or their depositions. The motion for a continuance signally fails to show any reasonable effort on the part of appellants to secure the attendance of said witnesses for said trial, or to procure their depositions; and it is also evident that the means were readily accessible to appellants to have learned the names of said witnesses, who, the motion alleges, were voters at said

school election, and were students at Simpson College, long before the said motion for a continuance was filed, which was practically upon the eve of trial.

Furthermore, it affirmatively appears that, even if it be conceded that each and all of the persons named by appellants voted illegally at said school election, and that all of the same voted in favor of the proposition that carried at said school election, still the rejection of all of said votes as claimed by appellants would not have affected the result of said election.

In addition to the foregoing, it also appears that the court tried the identical issue presented by appellants upon the petition of the interveners in said cause, and therein found that the allegations of the interveners' petition, which is identical in substance with that of appellants herein, were not sustained by the evidence; and the petition was dismissed. Appellants' action was brought in behalf of themselves and of taxpayers similarly situated, the interveners being in the same class as appellants; and the question of the legality of said election has been adjudicated by the determination of said question upon the petition of intervention at the instance of a taxpayer, and in good faith and without fraud. The question, therefore, of the alleged error of the trial court in ruling on the motion for a continuance is a moot question, in any event.

The result is that the order of the trial court is in all respects—*Affirmed*.

STEVENS, DE GRAFF, and VERMILION, JJ., concur.